per curiam:
On May 14,1980 we issued an opinion in this case, 224 Ct. Cl. III, 622 F.2d 539, holding, in brief, that plaintiffs were entitled to recover the payment (plus interest) due to them (under a settlement agreement with defendant) prior to the time Congress forbade use of appropriated funds for settlement of large Veterans Administration construction contracts except in specified conditions (31 U.S.C. § 700d), but not the agreed-upon sums due to be paid after the date of that legislation.[1] At the same time we stated that the "judgment entered herein shall be without prejudice to the parties’ rights to pursue further *748 relief in an appropriate forum in connection with the contract claims underlying the settlement agreement brought into issue in this case.”
Thereafter plaintiffs moved the Veterans Administration Contract Appeals Board to reinstate the plaintiffs’ contract claims that had been placed on the Board’s inactive docket while the litigation was pending in this court over the settlement agreement. The Board did so. The Government (acting through Veterans Administration attorneys) then moved to dismiss the claims as fully settled by the previous settlement agreement. On September 30, 1981, the Board granted the motion, on the agency’s grounds, and dismissed the claims with prejudice.
Plaintiffs then filed (on October 28, 1981) this motion "to recall and clarify mandate,” asking us to explicitly state that the contract claims are not barred by accord and satisfaction (under the settlement agreement) and that plaintiffs may properly proceed on the merits with their appeals to the Board. Plaintiffs say that that was clearly our holding in our May 14, 1980 opinion. Although it disagrees with plaintiffs’ present procedure, defendant’s response to the motion declares "that the Department of Justice [which, of course, represents the defendant in this court] has interpreted the Court’s May 14, 1980 decision in substantially the same way as the plaintiffs.”
I.
We agree with the understanding of both parties to this suit of our holding in the May 14, 1980 decision, and disagree with that of the Contract Appeals Board. Our opinion was definitely intended to leave plaintiffs free (i.e., free of the settlement agreement) to pursue their claims before the Board. We said so in our "Conclusion of Law” (see footnote 1, supra) which, in referring to "an appropriate forum,” included the Contract Appeals Board for a proceeding by the contractor,[2] and we explicitly stated that our judgment "shall be without prejudice to the parties’ rights to pursue further relief * * * in connection with the *749 contract claims underlying the settlement agreement * * *.” Thrice, we expressly said that the parties (including, of course, plaintiffs) were absolved from the parts of the settlement agreement which we were not enforcing in our opinion. At the outset, we said that we concluded "that, excepting the payments here determined to be owing to the contractor, the parties are no longer bound by the terms of the settlement agreement.” 224 Ct.Cl. at 115, 622 F.2d at 541. Just before our "Conclusion of Law,” we said: "The limitations on spending authority that now must govern the agency’s actions under 31 U.S.C. §700d (1976), serve also to discharge the contractor from any further obligations under the settlement agreement.” 224 Ct.Cl. at 138-39, 622 F.2d at 554. And, at the very end of the "Conclusion of Law,” we declared: "Except as above provided and contemplated, all obligations contemplated by the settlement agreement are forever discharged.” 224 Ct.Cl. at 139, 622 F.2d at 554. This clearly encompassed the obligation in the settlement agreement to release the parties’ mutual contract claims.[3]
In short, the Board’s decision was a drastic departure from our opinion, not at all warranted by that opinion or its intention. The Board’s holding that the plaintiffs’ contract claims were fully released by the settlement agreement cannot be reconciled with the body of our opinion or with the specific provision of our "Conclusion of Law.” We held just the opposite.
II.
Although it does not oppose plaintiffs’ substantive position, defendant does object to the format of plaintiffs’ application — a motion to recall and clarify mandate — and defendant suggests how we should now treat the matter. We concur. Our opinion issued no mandate to the Board, but simply left plaintiffs free to pursue that disputes-clause remedy. A motion to recall and clarify mandate is therefore *750 inappropriate. Even if we were to consider the motion as filed under Rule 151, full justice could not be done.
To avoid delay and confusion, and in the interest of justice, we adopt defendant’s proposal and consider plaintiffs’ current motion as constituting both a petition to this court for Wunderlich Act review (Rule 161, et seq.) on the ground that the Board’s dismissal of the claims was erroneous and contrary to our prior decision, and also as a motion for summary judgment on that ground. We assign the petition the new docket number of No. 364-74A, and we waive any of the unmet requirements in the court’s rules for such a petition and for the motion for summary judgment. We also consider the defendant’s response as a response to that motion for summary judgment. Without oral argument, we grant that motion and remand the case under Rules 149 and 150 to the Veterans Administration Contract Appeals Board for further proceedings consistent with this order and with our opinion of May 14, 1980. Proceedings in this court shall be stayed for a period of six months. Counsel for plaintiffs is designated under Rule 149(f) to advise the court of the status of the proceedings on remand.
IT IS SO ORDERED.

 The opinion’s "Conclusion of Law” is as follows:
"Upon the findings of fact and the foregoing opinion, which are made a part of the judgment herein, the court concludes as a matter of law that plaintiff is entitled to recover the sum of $2,000,000, plus interest on that amount at the contract-specified rate of 9.75 percent per annum from December 10, 1973, until the date payment is made and that plaintiff is also entitled to interest only, on the sum of $6,000,000, at 9.75 percent per annum from December 10,1973 until January 3,1974.
"The judgment entered herein shall be without prejudice to the parties’ rights to pursue further relief in an appropriate forum in connection with the contract claims underlying the settlement agreement brought into issue in this case. If in further proceedings the defendant is found liable on the underlying contract claims in an amount greater than the non-interest amount of the court’s judgment, in that event only the non-interest portion of the court’s judgment, not the interest portion, shall be treated as an offset against such additional liability. The court does not pass on the question of whether, if the amount for which defendant is held liable in further proceedings is less than the principal amount of the settlement, the defendant shall have the right to sue plaintiff for the excess or to collect the excess by other methods.
"Except as above provided and contemplated, all obligations contemplated by the settlement agreement are forever discharged.”

 The District Court could be the "appropriate forum” for an affirmative suit by the United States.

 Our "Conclusion of Law” (fn. 1, supra) went so far as to provide expressly, with respect to offset of the amount we awarded, for the event that the Government might be held liable "in further proceedings.”