**Robert E. MITCHELL, et al.,**
**Plaintiffs-Appellees,**

**United States Steel Corp.,**
**Defendant-Appellee,**

v.

**James B. McCORSTIN, Jr.,**
**Movant-Appellant.**

**No. 83–7402**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 6, 1984.

Richard F. Lerach, Law Dept., U.S. Steel, Pittsburgh, Pa., for defendant-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

James B. McCorstin, Jr. sought to intervene in the case of *Mitchell v. U.S. Steel*

*Corp.,* an age discrimination action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* His motion to intervene was denied. We dismiss the appeal for lack of jurisdiction.[1]

McCorstin claims that 29 U.S.C. § 216 grants an unconditional right to intervene, such that his motion to intervene should have been judged under Fed.R.Civ.P. 24(a)(1) (intervention of right). We disagree. *See Wright & Miller, Federal Practice and Procedure,* Civil § 1906 (1972). Neither is McCorstin a candidate for rule 24(a)(2) intervention of right; he is not "so situated that the disposition of [*Mitchell*] may as a practical matter impair ... his ability to protect [his] interest, [without his] interest [being] adequately represented by existing parties." He has brought his own action against the employer involving claims personal to him: *Mitchell* is not likely to have a res judicata effect on any of McCorstin's concerns. Moreover, McCorstin shows no inadequacy in Mitchell's representation of any hypothetical interests he may have that might be hurt.

The district court properly evaluated McCorstin's claim as a Fed.R.Civ.P. 24(b) motion for permissive intervention. We review this decision in two parts. The district court in determining whether to permit intervention under rule 24(b) must first determine whether there is a common question of law or fact. This determination is an issue of law, and is not discretionary. *Stallworth,* 558 F.2d at 269. If there is a common question, the district court must make a discretionary decision whether to allow intervention. This decision is reviewable only for a "clear abuse of discretion." *Id.* at 269–70.

Here, McCorstin does seek to raise issues of law or fact similar to those in the *Mitchell* case; he thus passes the first part of the test. However, we do not find that the court abused its discretion in denying intervention. As noted, McCorstin has had his own complex age discrimination case pending for many years; he has apparently been delaying final trial of that case. He does not explain what additional benefit he would gain from joining in the *Mitchell* case. Moreover, it is entirely possible that McCorstin is not similarly situated to the parties in the *Mitchell* case, and is thus not a party contemplated as an intervenor by 29 U.S.C. § 216. Mitchell filed suit eleven years after McCorstin was terminated. The district court was in the best position to assess the similarity of the claims and other factors militating for or against intervention. We see no reason to disturb that assessment. Accordingly, the appeal is DISMISSED for lack of jurisdiction.

---

1. This court has provisional jurisdiction over the denial of a motion to intervene. Upon finding that the trial court properly denied the motion to intervene, we must dismiss the appeal for lack of jurisdiction. *Stallworth v. Monsanto Company,* 558 F.2d 257, 263 (5th Cir.1977). (In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).