David W. CANFIELD, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 455–87C.

United States Claims Court.

April 25, 1988.

Thomas A. Woodley, Washington, D.C., for plaintiffs Mulholland & Hickey, of counsel.

Carolyn E. Galbreath, with whom were Asst. Atty. Gen. John R. Bolton, David M. Cohen and Robert A. Reutershan, Washington, D.C., for defendant.

ORDER

BRUGGINK, Judge.

Pending before the court are: plaintiff's Notice of Filing of Employees' Consent To Become Party Plaintiffs; defendant's Motion To Require Plaintiffs To Conform Pleadings (Rule 20); defendant's Opposition to Notice of Filing Consent; and plaintiffs' Motion for Leave To Amend Their Complaint. For the reasons set out herein, plaintiffs' motion for leave to amend is denied as moot; defendant's motion to require conformance with RUSCC 20 is denied as moot; and the court waives, for all individuals with notices of consent currently filed, the prohibition in RUSCC 20 and 21 against amendment of a multiple-party complaint.

This action is brought pursuant to section 7 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207 (1982 & Supp. III 1985), for recovery of back pay and other relief based on the asserted failure by defendant to pay overtime wages pursuant to the Act. The original complaint was filed on July 31, 1987 and named four plaintiffs—Canfield, Sunderland, Dudley, and Berkich. All are currently employed in fire protection activities. The complaint also states that an additional 123 persons employed as firefighters have given their written consent to join the action. Their names were not included in the caption of the complaint; however, copies of their written consents to participate in the action were attached.

On November 6, 1987,[1] plaintiffs filed a Notice of Filing of Employees' Consent to Become Party Plaintiffs. The notice states that the attached list of names, addresses, social security numbers, and duty stations represents ninety-four additional persons who seek to join the action.

On November 13, 1987, defendant filed its motion to require plaintiffs to list their names in numbered alphabetical order in the caption of the complaint in conformance with RUSCC 20. That same day it filed an "Opposition to Notice of Filing of Employees' Consent to Become Party Plaintiffs," relying on RUSCC 20 and 21.

On December 30, 1987, plaintiffs filed a motion for leave to amend their complaint. The proposed amendment attached to the motion lists 120 names in the caption in numbered alphabetical order. The amendment includes only the names of persons who were named in consent forms attached to the original complaint. It does not include persons named in subsequently filed notices of consent. The motion asks that the defendant's motion to conform pleadings be denied as moot based on the proposed amendment. On January 11 and February 9, 1988, additional notices of consent were filed covering ten more employees. The motions and opposition have been briefed and orally argued.[2]

At the outset, the court notes that in view of the proposed amendment to recaption the complaint, defendant no longer advances its motion to conform pleadings. Defendant concedes that the proposed amendment answers those concerns relating to captioning the complaint and numbering the plaintiffs pursuant to RUSCC 20. This amendment would therefore eliminate the Government's objections with respect to the first 120 employees.

A question does remain as to those persons named in consent forms not attached to the complaint. The relevant background is created by three rule or code provisions. RUSCC 20(a) provides in part as follows:

(a) *Permissive Joinder.* All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.... Where two or

---

1. Plaintiffs also filed an amended complaint this day. It adds no parties but makes the new allegation that defendant violated "leave with pay" provisions of 5 U.S.C. §§ 6303, 6307, 6322, and 6323 (1982).

2. Oral argument was consolidated with argument in *Tuminello, et al. v. United States,* Cl.Ct. No. 463–87C, because of the similarity of issues. An order is being entered contemporaneously in that case.

more plaintiffs demand separate judgments, the complaint shall state the judgment demanded by each plaintiff, shall list the plaintiffs alphabetically in the caption (on the basis of surnames where individuals are involved), and shall assign to each plaintiff demanding a separate judgment a number to be used as a distinguishing sub-numeral ((1), (2), etc.) to the docket number of the case. No such multiple-party complaint may be amended by any such party by adding any new party plaintiff.

RUSCC 21, "Misjoinder and Non-Joinder of Parties," provides in part that "No new party plaintiff shall be added to a complaint filed by multiple plaintiffs upon motion of any such multiple plaintiffs." These two rules are somewhat different from Federal Rules of Civil Procedure ("FRCP") 20 and 21, in that they preclude amendment to add parties to multiple-party actions and create certain captioning requirements.

Plaintiffs rely, however, on section 16(b) of the FLSA, 29 U.S.C. § 216(b), which states that "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Plaintiffs argue that this section means that, regardless of local court joinder rules, they have an absolute right to join an ongoing action. The question becomes whether the court's rules are compatible with section 16(b), and if not, how to resolve the conflict. Specifically, the issues are:

1. In the absence of a waiver of this court's procedural rules, does the prohibition in RUSCC 20 and 21 on amending a multiple-party complaint to add parties preclude joinder solely by filing of notices of consent pursuant to FLSA section 16(b)?

2. Assuming that the answer to question 1 is "yes," are circumstances present here that would justify a waiver of the procedural requirements of RUSCC 20 and 21?

3. Does the filing of a notice of consent, in the present circumstances, toll the running of the statute of limitations?

For the reasons that follow, the court concludes that RUSCC 20 and 21 are not incompatible with section 16(b) and, hence, that the answer to the first question is "yes." The court also finds, however, that the circumstances present in this case justify a waiver of the prohibition in RUSCC 20 and 21 against the amendment of a multiple-party complaint.[3] Accordingly, the statute of limitations was tolled when the notices of consent were filed.

## DISCUSSION

### A. Joinder

Section 16(b) of the FLSA allows as class members only those persons who affirmatively "opt in." This type of action is therefore mutually exclusive of the class action remedy in FRCP 23, or RUSCC 23. *See LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir.1975). The opt-in requirement was added to section 16(b) by the Portal to Portal Act of 1947, Pub.L. No. 80–49, ch. 52, § 5(a), 61 Stat. 84, 87. The legislative history of that amendment, discussed in *United States v. Cook*, 795 F.2d 987, 990–93 (Fed.Cir.1986), makes plain that the provision for notice of consent filings was seen as a limitation on representative actions:

> We find persuasive, also, the statement of the District Court for the District of Columbia that:
>
> > the purpose of the ban on representative actions was to prevent large group actions, with their vast allegations of liability, from being brought on behalf of employees who had no real involvement in, or knowledge of the lawsuit. Such situations unfairly left employers in the dark concerning the identity of the individuals whose claims would be litigated at trial.
>
> *Arrington v. National Broadcasting Co.*, 531 F.Supp. 498, 501 (D.D.C.1982). This view is bolstered by the provision

---

**3.** In addition, the court waives the requirement of RUSCC 20(a) that "[w]here two or more plaintiffs demand separate judgments, the complaint shall state the judgment demanded by each plaintiff...." Defendant has not asked the court to enforce this provision.

requiring named party plaintiffs to opt in by filing written consent forms with the court. Together the amendments banning representative actions and requiring individual written consents sought "to eradicate the problem of totally uninvolved employees gaining recovery as a result of some third party's action in filing suit." *Id.* at 502.

*Cook*, 795 F.2d at 993 (footnote omitted). The specific sentence within section 16(b) upon which plaintiffs rely was thus an effort to ensure that employees were knowingly participating in a lawsuit. The purpose was not to make suits easier; it was to ensure that multiple-party actions were truly representative. The notice of consent provision should therefore be seen as a prerequisite to recovery by any given individual. It should not be viewed as a legislative effort to eliminate normal procedural rules governing joinder. Certainly plaintiffs can point to nothing in the specific language of the FLSA, or the original or subsequent legislative history, which suggests that the requirement of filing a notice of consent satisfies any otherwise valid procedural steps necessary to perfect a pleading.

Plaintiffs' counsel argues that Claims Court and former Court of Claims practice has been to allow such joinder. The cases cited allow joinder without opinion. *E.g., Davila, et al. v. United States,* Cl.Ct. No. 50–85C; *Wheeler, et al. v. United States,* Cl.Ct. No. 528–82C. In any event, the court does not question counsel's assertion. More recently, however, unreported decisions have disallowed such joinder, also without opinion. *Benjamin Franco, et al. v. United States,* Cl.Ct. No. 388–86C; *Charles M. Doyle, Jr., et al. v. United States,* Cl.Ct. No. 669–85C. The court therefore views the question as unresolved.

A similar issue was addressed in *Mitchell v. McCorstin,* 728 F.2d 1422 (11th Cir. 1984). There, the district court had rejected a motion by an employee to intervene in an ongoing FLSA action. On appeal appellant argued that section 16(b) confers an unconditional right to intervene. The court rejected that argument, finding that the motion was properly viewed as one for permissive intervention, and that the trial court had not abused its discretion in denying intervention. *Cf. Davila v. Weinberger,* 600 F.Supp. 599, 603 (D.D.C.1985) ("Rather, since the purpose of section 16(b) is merely to identify those who will be bound by the judgment rendered in the class action to the extent of any claims they may have, all that is required is the filing of a written consent with the Court.").

Plaintiffs' argument here is analogous. They contend that section 16(b) sweeps aside any procedural requirements this court has adopted with respect to perfecting a multiple-party pleading. The material way in which the three subsequent consent filings differ from the original complaint is that these other employees have not joined an existing action by any procedural device recognized by the court's rules. Plaintiffs' position might have some merit if the enforcement of RUSCC 20 and 21 left them without a procedural mechanism to get into this court (consistent with section 16(b)), but that is not the case. In light of RUSCC 20 and 21, there are three ways individuals may be added to an existing action under FLSA section 7 in this court: (1) by filing a separate complaint naming all the parties in alphabetical order in the caption, and seeking consolidation under RUSCC 42; (2) by a motion to intervene pursuant to RUSCC 24; or (3) by a motion for waiver of the prohibition in RUSCC 20 and 21 against joinder by amendment of multiple-party complaints, demonstrating the particular circumstances justifying such a waiver.[4]

Because plaintiffs are not without a remedy, the court finds that RUSCC 20 and 21 are not incompatible with the notice of consent provision of section 16(b). Nor are these rules without purpose. Indeed, the facts that plaintiffs in these type actions

---

4. FLSA section 16(b) would require attachment of notices of consent for each of these alternatives.

seek to join at different occasions, that each individual would require, if successful, a separate entry of money judgment, that the consent forms are frequently difficult to read, and that the court finds herein that the statute of limitations is tolled at different times, all demonstrate the utility of the rules. The case becomes more manageable if the Clerk of the court has a typed list of names (the caption of the complaint), if the plaintiffs are numbered (to avoid any question of identity), and if a single docket number relates only to potential judgments with identical limitations periods.

Also, the prohibition against joinder by amendment of multiple-party complaints helps to prevent the addition of improper plaintiffs in FLSA actions. If a bare notice of consent filing was sufficient to allow the joinder of plaintiffs, defendant would have no meaningful opportunity to oppose the continued addition of plaintiffs who might not be "similarly situated." Nor would the court have any discretion regarding such additions. The dangers involved in allowing joinder by the filing of notices of consent are apparent in *Tumminello, et al. v. United States*, 14 Cl.Ct. 693 (1988), where a large number of the parties who attempted to join by notices of consent were clearly improper. Requiring plaintiffs to file new complaints and seek consolidation, to file motions to intervene, or to ask the court to waive its normal joinder rules, forces them—at the earliest possible time—to make a showing that the additional proposed plaintiffs are indeed "similarly situated." Presumably, if it is clear that the additional plaintiffs are similarly situated employees, defendant would not object to the motion to consolidate, intervene, or waive RUSCC 20 and 21. Judge Medina in an early action under the FLSA in which he denied a request to "deem" certain individuals to be parties and to have made certain pleadings, stated:

> It is no mere technicality to require some semblance of order in a judicial proceeding and it seems little enough to require of plaintiffs that they serve and file a complaint which shall show the title of the action with the names of the parties, together with such formal allegations as

may connect them with the claim for relief.

*Bartels v. Sperti, Inc.*, 73 F.Supp. 751, 757 (S.D.N.Y.1947). This court's rules seem to embrace the same view.

RUSCC 20 and 21 are straightforward and do not conflict with the statute. Unless the court grants a motion to waive the procedural requirements of the rules—for good cause shown by the moving party—it must enforce them. Employees who seek to join an ongoing multiple-party action must therefore either move to permissively intervene pursuant to RUSCC 24(b), file a new action and seek to consolidate, or move for a waiver of the relevant prohibitions in RUSCC 20 and 21. The notices of consent in this action thus do not meet the court's joinder requirements.

### B. Waiver of RUSCC 20 and 21 Procedural Requirements

RUSCC 21 provides that misjoinder "is not a ground for dismissal of an action." The issue is whether the employees in question should simply be dropped as parties and be required to move to intervene or file new complaints, as defendant urges, or whether the consent filings should be treated as requests for a waiver of the relevant parts of RUSCC 20 and 21. This court may relax its procedural rules when the ends of justice so require. *See Schacht v. United States*, 398 U.S. 58, 64, 90 S.Ct. 1555, 1559, 26 L.Ed.2d 44 (1970) ("The procedural rules adopted by this Court for the orderly transaction of its business are not jurisdictional and can be relaxed by the Court in the exercise of its discretion when the ends of justice so require."); *see also Blackhawk Heating & Plumbing Co. v. United States*, 229 Ct.Cl. 747, 750 (1982); *Carter v. United States*, No. 476–80C (Ct.Cl. Sept. 5, 1980); *Prairie v. United States*, 81–1 USTC ¶ 9228, at 86,504 (trial judge decision) (adopted by the Court of Claims on May 22, 1981, as reported at 227 Ct.Cl. 744 (1981)); RUSCC 1(a)(2) ("These rules shall be construed to secure the just, speedy, and inexpensive determination of every action."). In reaching the conclusion that waiver is appropriate in this

particular case, the court is strongly guided by several circumstances. First, the consent forms, unlike those in *Tumminello*, have not been rejected as insufficient; there is currently no dispute as to the propriety of the additional plaintiffs named in the notices of consent. There was a good faith effort to join an ongoing lawsuit with effective consent forms. Second, the court has previously given conflicting guidance on whether use of notice of consent filings to join an ongoing action is permissible under RUSCC 20 and 21. As defendant's counsel noted at oral argument, it appears that the Government has only recently sought enforcement of these rules, and apparently this court has not *sua sponte* enforced them. Finally, this action, which commenced in July 1987, needs to proceed promptly to discovery. The court concludes, therefore, that a waiver of the prohibition in RUSCC 20 and 21 against joinder by the amendment of a multiple-party complaint is appropriate. Accordingly, plaintiff will be permitted to file an amended complaint in accordance with the format described below.

■ The court also waives the requirement in RUSCC 20(a) regarding a statement of the separate judgment demanded by each party plaintiff. Given the large number of plaintiffs and the early stage of the litigation, a list of the specific dollar amounts allegedly owed to each individual would be very speculative, would be burdensome to determine, and would not significantly advance the proceedings.

C. Limitations of Actions

■ Commencement of this action for purposes of the statute of limitations is governed by the FLSA.[5] Section 56, 29 U.S.C. § 256, provides in part:

[I]n the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon–Davis Act, [an action] shall be considered to be commenced in the case of any individual claimant—

(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

(b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

Not having been specifically named in the complaint, the only hope for persons not properly joined to claim that the limitations period is tolled is subparagraph (b) above. The requisites for tolling are thus twofold: a complaint, and a written consent.

The court concluded above that a waiver of the prohibition against amendment of multiple-party complaints is justified in this case. Accordingly, the court treats the three notice of consent filings as valid joinders of this action. Pursuant to 29 U.S.C. § 256(b), and assuming that plaintiffs file their amended complaint as described below, the three filings tolled the statute of limitations on November 6, 1987, January 11, 1988, and February 9, 1988, respectively.

It is ORDERED as follows:

1. In view of paragraph 2 below, plaintiffs' motion for leave to file a second amended complaint is denied as moot.

2. Those persons whose names first appeared in the notice of consent filed on November 6, 1987, January 11, 1988, or February 9, 1988 will be allowed to join this action. Plaintiffs are directed to file on or before May 27, 1988 an amended complaint, the caption of which will have four subparts (A, B, C, and D), each containing in alphabetical order the names of persons filing their complaint or consents on the same days. The entire list in the caption will be consecutively numbered. The body of the complaint will indicate which group filed on which date. The limitations period for those persons whose consents were at-

---

5. The FLSA provides that an employer is liable for back pay for a period of two years if the violation is not willful; three years if it is. 29 U.S.C. § 255(a).

tached to the original complaint was tolled as of July 31, 1987. The date for calculating the limitations period for those employees covered by the subsequent consent filings will be the respective dates that the consents were filed.

3. Defendant's motion to require plaintiffs to conform pleadings is denied as moot. Defendant's opposition to notice of consent filings is disposed of as explained above.

4. Barring a change in the court's rules, no further joinder will be allowed in this action solely by amendment or by notice of consent filings.

5. Defendant's assertion in its reply brief that it should be excused from responding to plaintiffs' outstanding interrogatories will not be ruled on by the court because a formal motion has not been filed. If such a motion is filed, the court will determine whether any additional briefing is necessary.