Francis E. LaCHAPELLE, Individually and on behalf of all others similarly situated, Plaintiff-Appellant,

v.

OWENS–ILLINOIS, INC., Defendant-Appellee.

No. 74–4187

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 23, 1975.

---

\* Rule 18, 5th Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

This is an interlocutory appeal[1] taken from an order of the district court dismissing Appellant LaChapelle's class action claim in an age discrimination suit. The appeal presents for decision a single, well defined question of law. This is whether suits brought under the Age Discrimination in Employment Act of 1967[2] may be Rule 23[3]-type class actions. We conclude that they may not and, therefore, affirm the decision below.

Section 7(b) of ADEA[4] directs that "The provisions of this Chapter shall be enforced in accordance with the powers, remedies, and procedures provided in Sections 211(b), 216 (except for Subsection (a) thereof) and 217 of this title. . . ." 29 U.S.C. § 216(b),[5] in turn, provides, in part that

"Action to recover such liability may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. *No employee shall be a party plaintiff to such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.*" (Emphasis added.)[6]

E. Lee Redfern, Rex M. Lamb, III, Atlanta, Ga., for plaintiff-appellant.

Lloyd Sutter, Atlanta, Ga., for defendant-appellee.

---

1. The district court certified that the issue disposed of by its order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order might materially advance the ultimate termination of this litigation. Pursuant to 28 U.S.C. § 1292(b) we granted leave to appeal from the interlocutory order.

2. 29 U.S.C. §§ 621–634. Referred to hereafter as ADEA.

3. Rule 23, Federal Rules of Civil Procedure.

4. 29 U.S.C. § 626(b).

5. Section 16(b) of the Fair Labor Standards Act, as amended. Cited hereafter as FLSA § 16(b).

6. The emphasized portion of § 16(b) was added to FLSA by the Portal to Portal Act of

1947, § 5(a), 61 Stat. 87, 88, 29 U.S.C. § 216(b). Prior to the Portal to Portal Act, FLSA § 16(b) had allowed both "spurious" class actions and "agent or representative" actions [actions could "be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated"]. The 1947 amendment eliminated the agent or representative type action and, although it retained the class action, it specifically required that all employees wishing to have their rights adjudicated "opt in" as parties plaintiff. *See generally* 3B Moore's Federal Practice, ¶ 23.10[4], pp. 23–2671–74 (2d. ed. 1974). Since the amendment the courts have consistently recognized that, in

Rule 23(c) reads

"(c) Determination by Order Whether Class Action to be Maintained; Notice; Judgment; Actions Conducted Partially as Class Actions.

"(1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

"(2) In any class action maintained under subdivision (b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel.

"(3) The judgment in an action maintained as a class action under subdivision (b)(1) or (b)(2), whether or not favorable to the class, shall include and describe those whom the court finds to be members of the class. The judgment in an action maintained as a class action under subdivision (b)(3), whether or not favorable to the class, shall include and specify or describe those to whom the notice provided in subdivision (c)(2) was directed, and who have not requested exclusion, and whom the court finds to be members of the class.

"(4) When appropriate (A) an action may be brought or maintained as a class action with respect to particular issues, or (B) a class may be divided into subclasses and each subclass treated as a class, and the provisions of this rule shall then be construed and applied accordingly."

■ There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit.[7] Under § 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent. Sims v. Parke Davis & Co., 334 F.Supp. 774, 780–81 (E.D.Mich.) aff'd 453 F.2d 1259 (6th Cir. 1971) cert. denied 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972). It is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA suits. This however, is an ADEA, not an FLSA action.

■ LaChapelle urges that there are important distinctions between FLSA and ADEA actions which warrant a holding that, while Rule 23 class actions may not be available in the former, they should, nevertheless, be maintainable in the latter. Specifically, he points out that, as we have noted, "With a few minor exceptions the prohibitions of . . . [ADEA] are in terms identical

FLSA actions, one employee may not represent another unless the represented employee has filed a written consent to become a party plaintiff in the court in which the action is brought. E. g., Clougherty v. James Vernon Co., 187 F.2d 288, 290 (6th Cir.) cert. denied 342 U.S. 814, 72 S.Ct. 28, 96 L.Ed. 616 (1951), Sims v. Parke Davis & Co., 334 F.Supp. 774, 780–81 (E.D.Mich.) aff'd 453 F.2d 1259 (6th Cir. 1971) cert. denied 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972).

7. More correctly, class members may opt out only when the action is maintainable under subdivision (b)(3) of Rule 23. When either subdivision (b)(1) or (b)(2) applies, the rule does not allow a class member to avoid the effect of judgment by disassociating himself from the suit. *See* 3B Moore's Federal Practice ¶ 23.31[3] (2d ed. 1974).

to those of Title VII of the Civil Rights Act of 1964 except that 'age' has been substituted for 'race, color, religion, sex or national origin.'" Hodgson v. First Federal Savings and Loan Ass'n of Broward Co., Fla., 455 F.2d 818, 820 (5th Cir. 1972). Although he recognizes that all of the district courts save one[8] which have been called upon to rule directly upon the question,[9] have held that Rule 23 class actions are unavailable in ADEA suits, he argues that the similarities between that act and Title VII should influence us to hold, in light of the broad remedial purposes of both, that Congress did not mean what it said when it directed that ADEA be enforced in accordance with, among others, Section 16(b) of FLSA. He asks us to conclude, from the failure of ADEA's legislative history specifically to mention, approvingly or disapprovingly, the consent requirement of the third sentence of § 16(b), that Congress did not consider what effect this provision of FLSA would have on Rule 23 class actions and to conclude further that, had Congress foreseen the effect, it would have excluded the offending sentence from § 7(b)'s directive.

These things we may not do. The statutory language of ADEA § 7(b) is clear; likewise the language of FLSA § 16(b) is unambiguous. "We are recused from immersion in the sea of legislative history by the general principle that we must not refer to legislative history if the statutory language is clear." Globe Seaways, Inc. v. Panama Canal Co., No. 74–1654, 509 F.2d 969 (5th Cir. 1975). Rather, we must apply the law as it has been written.

Rule 23(c) provides for "opt out" class actions. FLSA § 16(b) allows as class members only those who "opt in." These two types of class actions are mutually exclusive and irreconcilable.[10] Since ADEA § 7(b) adopts[11] FLSA § 16(b), we must hold that only "opt-in" type class actions may be utilized in age discrimination cases. Rule 23 cannot be invoked to circumvent the consent requirement of the third sentence of FSLA § 16(b) which has unambiguously been incorporated into ADEA by its Section 7(b).

Affirmed.

8. Blankenship v. Ralston Purina Co., 62 F.R.D. 35 (N.D.Ga.1973).

9. Cooke v. Reynolds Metals Co., 9 F.E.P. Cases 46 (E.D.Va.1975), LaChapelle v. Owens-Illinois, Inc., 64 F.R.D. 96 (N.D.Ga.1974)—the decision below—, Hull v. Continental Oil Co., 58 F.R.D. 636 (S.D.Tex.1973), Bishop v. Jelleff Associates, Inc., 4 F.E.P. Cases 1262 (D.D.C.1972) (holding, inconsistently, that plaintiffs therein could bring a Rule 23 class action but that "the statute requires that all members of plaintiff's class file consents to suit"). Other courts have recognized the consent requirement that implicitly precludes Rule 23 class actions. Burgett v. Cudahy Co., 361 F.Supp. 617 (D.Kan.1973), Price v. Maryland Casualty Co., 62 F.R.D. 614 (S.D.Miss.1972). But cf. Gebhard v. GAF Corp., 59 F.R.D. 504, 507 (D.D.C.1973) (Language in this decision implies that Rule 23 actions are available under ADEA. See, however, Bishop v. Jelleff Associates, Inc., supra, for the district court for the District of Columbia's interpretation of an ADEA-Rule 23 class action.)

10. It has been suggested that Rule 23 and FSLA § 16(b), as it applies to ADEA, could be reconciled by reading the phrase "No employee shall be a party plaintiff . . . unless" as applying only to the named (Rule 23)

representatives. Class Actions under the Age Discrimination in Employment Act: The Question is "Why not?", 23 Emory L.J. 831, 837 (1974). Such a reading, attractive if the objective is to make Rule 23 class actions available in ADEA suits, analytically has the effect of making the third sentence of § 16(b) a nullity, since the second sentence, alone, allows for representative actions and since any second-sentence plaintiff would be required to file a written consent to suit—the complaint. ADEA § 7(b) adopts all of FLSA § 16(b). Had Congress desired to read out the third sentence it could have done so. It has not, and we may not. Any argument that the inclusion of the consent requirement undercuts the broad remedial purposes of ADEA should be made to the legislature and not to the courts.

11. LaChapelle points out that FLSA § 16(b) speaks only in terms of employees whereas ADEA applies to potential and ex-employees as well as the currently employed. From this starting point he argues that it is obvious that Congress did not mean for ADEA § 7(b)'s incorporation of FLSA § 16(b) to read too literally. As applied to the question of whether Rule 23 is available in ADEA actions, the argument is somewhat thin.