525 F.2d 1214
 15 Fair Empl.Prac.Cas. 581,
11 Empl. Prac. Dec. P 10,616
UNITED STATES of America, Plaintiff-Appellant,
v.
UNITED STATES STEEL CORPORATION et al., Defendants-Appellees.
John S. FORD et al., Plaintiffs-Appellants,
Clifford Craig and L. G. Phillips, Movants-Appellants,
v.
UNITED STATES STEEL CORPORATION et al., Defendants-Appellees.
 No. 73--3907.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 14, 1976.
 
 Jerome A. Cooper, James R. Forman, Jr., W. K. Murray, Birmingham, Ala., Michael H. Gottesman, Washington, D.C., for defendants-appellees.
 Robert T. Moore, Louis G. Ferrand, Employment Section, Dept. of Justice, Washington, D.C., Wayman G. Sherrer, U.S. Atty., Birmingham, Ala., for United States.
 James K. Baker, Oscar W. Adams, Jr., U. W. Clemon, Birmingham, Ala., Barry Goldstein, William Robinson, Jack Greenberg, New York City, for John S. Ford, and others.
 Demetrius C. Newton, David H. Coar, Birmingham, Ala., Beatrice Rosenberg, Asst. Gen. Counsel, EEOC, Washington, D.C., for C. Craig and L. G. Phillips.
 Appeals from the United States District Court for the Northern District of Alabama.
 ON PETITIONS FOR REHEARING AND PETITION FOR REHEARING EN BANC
 (Opinion Oct. 8, 1975, 5 Cir., 520 F.2d 1043).
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 The petitions for Rehearing are denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition of United States Steel Corporation for Rehearing En Banc is denied.
 
 
 2
 By way of clarification, all parties should recognize that the district court's final certification of the 'new' Ford class is the door that bars opting out by class members. The panel's original opinion in this cause was not intended to rule out the tender of back pay under the Consent Decree approved by this Court in United States v. Allegheny-Ludlum Industries, Inc., 5th Cir. 1975, 517 F.2d 826. The district court will, on remand, define the 'new' Ford class in such a way as to exclude those persons who elect to accept such back pay tenders. Cf. LaChapelle v. Owens-Illinois, Inc., 5th Cir. 1975, 513 F.2d 286, 288 n. 7.