Odalys **CHAPMAN, on behalf of herself and other similarly situated persons, Plaintiffs,**

v.

**LEHMAN BROTHERS, INC., Defendant.**

**No. 02–23126–CIV.**

United States District Court, S.D. Florida.

Aug. 26, 2003.

Jonathan Perlman, Miami, FL, for Plaintiff.

Mark Edward Zelek, Christopher A. Parlo, Morgan Lewis & Bockius, New York City, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant Lehman Brothers, Inc.'s Motion for Dismissal or, in the alternative, to Stay and Compel Arbitration (DE # 8).

UPON CONSIDERATION of the motion, response, reply and the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order granting the motion for dismissal.

### BACKGROUND

Plaintiff Odalys Chapman brought this suit against Defendant Lehman Brothers, Inc. ("Lehman") under 29 U.S.C. § 216(b), section 16(b) of the Fair Labor Standards Act ("FLSA"), for failure to pay overtime compensation to past and present individuals employed as sales assistants, wire operators, cashiers and other clerical positions. The case is styled as a collective action, meaning that other similarly situated individuals may "opt in" and join Chapman as a plaintiff to the action. 29 U.S.C. § 216(b) (2003). Thus far, only Plaintiff Lauralee Pfeiffer–Seibold has opted in.

Lehman brings this motion pursuant to Fed.R.Civ.P. 12(b)(1) and (6) and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA"), asserting that Chapman and Pfeiffer–Seibold lack jurisdiction to bring their claims because the action is subject to mandatory arbitration. Lehman bases its position on arbitration agreements signed by Plaintiffs. (Def.'s Mot. to Dismiss, Exs. A, B, D, E.)[1] Plaintiffs counter

1. The arbitration clause in the applications for employment, signed by both Plaintiffs, states, in relevant part:

   I hereby agree that any controversy arising out of or in connection with my compensation, employment or termination of employment with Lehman Brothers, Inc.... shall be submitted to arbitration before the National Association of Securities Dealers,

   Inc., the New York Stock Exchange, Inc. or the American Stock Exchange, Inc., and be resolved in accordance with the rules, then in effect, of such entities.

   Def.'s Mot. to Dismiss, Ex. A. In addition, the Form U–4, also signed by both Plaintiffs, states in part, "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm ...." *Id.*, Ex. D.

by asserting that the arbitration rules of the relevant self-regulatory organizations ("SROs")—the National Association of Securities Dealers, Inc. ("NASD"), the New York Stock Exchange, Inc. ("NYSE") and the American Stock Exchange, Inc. ("AMEX"), any of which would govern the arbitration, *see* note 1, *supra*—prohibit employers from enforcing arbitration agreements where an employee has initiated or is a member of a putative class action. However, because Plaintiffs bring a collective action under § 16(b) of the FLSA (" § 16(b)"), and not a class action as contemplated by the SROs' rules, Lehman's motion to dismiss is granted.

## ANALYSIS

■ This analysis is conducted under the ambit of the strong federal policy in favor of enforcing arbitration agreements. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). The FAA is designed to "ensure judicial enforcement of privately made agreements to arbitrate." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 219, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). Courts are required to "rigorously enforce [these] agreements . . . ." *Id.* at 221, 105 S.Ct. 1238.

■ It is undisputed that class actions brought by employees against their employer cannot be arbitrated under NYSE, NASD and AMEX rules. Specifically, NYSE Rule 600(d) states, in part:

(i) A claim submitted as a class action shall not be eligible for arbitration . . . .

(ii) Any claim filed by a member or members of a putative or certified class action is also ineligible for arbitration

. . . if the claim is encompassed by a putative or certified class action filed in federal or state court . . . .

(iii) No member, allied member, member organization and/or associated person [2] shall seek to enforce any agreement to arbitrate against a customer, member, allied member, member organization and/or associated person that has initiated in court a putative class action or is a member of a putative or certified class with respect to any claims encompassed by the class action unless and until:

(a) the class certification is denied;

(b) the class is decertified;

(c) the customer, member, allied member, member organization and/or associated person is excluded from the class by the court; or

(d) the customer, member, allied member, member organization and/or associated person elects not to participate in the putative or certified class action or, if applicable, has complied with any conditions for withdrawing from the class prescribed by the court.

NYSE Rule 600(d).[3]

However, Plaintiffs' case is a collective action brought pursuant to § 16(b) of the FLSA. The distinction between a class action, initiated under Fed.R.Civ.P. 23, and a § 16(b) collective action, Lehman argues, mandates the implementation of Plaintiffs' arbitration agreements and dismissal of the case.

Section 16(b) of the FLSA states, in part:

**2.** An "associated person" includes "any employee" of a broker or dealer. 15 U.S.C. § 78c(a)(21).

**3.** The NASD and AMEX, the other organizations under which an arbitration of this dispute can proceed, adopted nearly identical amendments to their rules governing employee-employer and other arbitrations. *See* NASD Rule 10301(d); AMEX Rule 600(d).

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

■ Fed.R.Civ.P. 23 governs class actions, which differ substantively from § 16(b) collective actions:

There is a fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA s 16(b). In a Rule 23 proceeding a class is described; if the action is maintainable as a class action, each person within the description is considered to be a class member and, as such, is bound by judgment, whether favorable or unfavorable, unless he has "opted out" of the suit. Under s 16(b) of FLSA, on the other hand, no person can become a party plaintiff and no person will be bound by or may benefit from judgment unless he has affirmatively "opted into" the class; that is, given his written, filed consent.

*LaChapelle v. Owens–Illinois, Inc.,* 513 F.2d 286, 288 (5th Cir.1975) (internal citation omitted).[4] Additionally, "the requirements for satisfying Rule 23 are considerably more involved than is the unitary 'similarly situated' requirement of § 16(b) [§ 216(b)]." *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1106 (11th Cir.1996) (internal quotations omitted) (alteration in original). Plaintiffs' contention that the *LaChapelle* court "acknowledged that a collective proceeding under 29 U.S.C. § 216(b) constitutes a 'class action' " is simply incorrect. (*See* Pls.' Mem. in Opp. to Mot. to Dismiss at 14.) The fact that courts have casually referred to § 16(b) collective actions as class actions does not alter this conclusion.

Even assuming that a § 16(b) collective action is a type of class action, the rules governing arbitration of the present claims only prohibit arbitration of cases characteristic of a Fed.R.Civ.P. 23 class action, and not the sort of collective action brought in this case. The applicable rules do not mention any of the identifying properties of a § 16(b) collective action, which, unlike a class action, does not require all similarly situated persons to be bound by a judgment. *See* NYSE Rule 600(d)(iii)(a-d). Conversely, the rules detail the requirements for a class action plaintiff's claim to

---

**4.** In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered on or before September 30, 1981.

be eligible for arbitration; i.e., class certification, decertification and exclusion, and opting out. *Id.* These are not functions of a § 16(b) collective action, but rather speak directly to a Fed.R.Civ.P. 23 class action.

As noted by both parties, the SROs have frequently amended their rules to further specify the arbitrability and nonarbitrability of certain claims. Absent from these amendments is any mention of § 16(b) collective actions. Tellingly, Plaintiffs do not cite a single case where the relevant SRO rules have prohibited arbitration of a collective action brought pursuant to the FLSA. In light of the foregoing, as well as the federal policy strongly favoring enforcement of arbitration agreements, the Court refuses to indulge Plaintiffs in an expansive reading of the governing rules' limitations on the arbitrability of the present claims.[5] Accordingly, it is

ORDERED AND ADJUDGED that Lehman's Motion to Dismiss (DE # 8) is GRANTED because Plaintiffs are bound to arbitrate the claims presented. *See Thompson v. Nienaber,* 239 F.Supp.2d 478, 482–84 (D.N.J.2002) (discussing procedural appropriateness of dismissing action under Fed.R.Civ.P. 12(b)(1) where parties are bound to arbitrate dispute). This action is DISMISSED. The Clerk of Court is directed to CLOSE this case. All pending motions not otherwise ruled upon are DENIED as moot.

---

**5.** Plaintiffs, in a footnote to their opposition papers, request the opportunity to conduct discovery regarding the arbitrability of the dispute, should the Court consider granting this motion. However, neither Plaintiffs' filings nor anything else in the record present circumstances in which additional discovery would change the Court's conclusion.