[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14187

_____

D.C. Docket No. 2:14-cv-00519-JES-CM

KEVIN CALDERONE,
an individual,
GEORGE SCHWING,
an individual,
MICHAEL ZALESKI,
an individual,
SELENA LEE,
an individual,

Plaintiffs-Appellants,

versus

MICHAEL SCOTT,
as the duly elected Sheriff of Lee County, Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 28, 2016)

Before MARTIN and JORDAN, Circuit Judges, and COOGLER,[*] District Judge.

MARTIN, Circuit Judge:

This interlocutory appeal asks whether employees may maintain a collective action against their employer under § 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., at the same time as a class action brought based on state law and pursuant to Federal Rule of Civil Procedure 23(b)(3). The FLSA's § 216(b) requires plaintiffs to "opt in" to be considered class members. In contrast, a Rule 23(b)(3) class action requires plaintiffs to "opt out" if they do not wish to be bound by the court's judgment. The District Court found that, under LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 289 (5th Cir. 1975) (per curiam),[1] these two types of actions are "mutually exclusive and irreconcilable."

We reverse because we conclude that an FLSA collective action and a Rule 23(b)(3) state-law class action may be maintained in the same proceeding. We join the D.C., Second, Third, Seventh, and Ninth Circuits in so holding. See Busk v. Integrity Staffing Sols., Inc., 713 F.3d 525, 528–30 (9th Cir. 2013), rev'd on other grounds, Integrity Staffing Sols., Inc. v. Busk, 574 U.S. __, 135 S. Ct. 513 (2014); Knepper v. Rite Aid Corp., 675 F.3d 249, 259–62 (3d Cir. 2012); Shahriar v. Smith

---

[*] Honorable L. Scott Coogler, United States District Judge for the Northern District of Alabama, sitting by designation.

[1] Decisions of the former Fifth Circuit issued prior to October 1, 1981 are binding precedent on this Court. See Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

& Wollensky Rest. Grp., Inc., 659 F.3d 234, 247–49 (2d Cir. 2011); Ervin v. OS

Rest. Servs., Inc., 632 F.3d 971, 973–74 (7th Cir. 2011); Lindsay v. Gov't Emps.

Ins. Co., 448 F.3d 416, 424 (D.C. Cir. 2006).

## I.

Named plaintiffs Kevin Calderone, George Schwing, Michael Zaleski, and

Selena Lee ("employees") sued, bringing minimum wage and overtime claims

against Michael Scott in his official capacity as the Sheriff of Lee County, Florida.

They brought their claims under the FLSA as well as the Florida Minimum Wage

Act ("FMWA"), Fla. Stat. § 448.110.[2]  On behalf of themselves and others

similarly situated, the employees say they performed off-the-clock work for which

they were not paid.  The District Court granted conditional certification under

§ 216(b) for the employees' FLSA claims,[3] but denied conditional Rule 23(b)(3)

certification for their FMWA claims.  The employees timely asked for permission

to appeal under Rule 23(f), and this Court allowed the appeal.

---

[2] The employees argue that the District Court has jurisdiction over their FMWA claims under 28 U.S.C. § 1367(a), which gives district courts "supplemental jurisdiction over all [] claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

[3] After the collective FLSA action was certified, the District Court approved a notice advising putative class members of the claims, and sixty-four more plaintiffs opted in.  Including the named plaintiffs, the conditionally certified FLSA collective action now totals sixty-eight members.

II.

We review for abuse of discretion a district court's denial of class certification.  Little v. T-Mobile USA, Inc., 691 F.3d 1302, 1305 (11th Cir. 2012).  "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in ruling on class certification, makes clearly erroneous factfindings, or applies the law in an unreasonable or incorrect manner."  Id. at 1305–06 (quotations omitted).

Section 216(b) of the FLSA and Rule 23(b)(3) are animated by similar concerns about the efficient resolution of common claims.  Like a Rule 23(b)(3) class action, a collective action under § 216(b) gives "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources" and allows for "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity."  Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170, 110 S. Ct. 482, 486 (1989).  But what worried the District Court was the fact that the procedural rules governing these two types of actions are distinct.  In an FLSA collective action, an employee must consent in writing in order to be considered a party to the action.  See 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to [an FLSA collective action] unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").  Said another way, an FLSA collective

4

action is "opt-in."  To maintain an opt-in collective action under § 216(b), plaintiffs must demonstrate that they are "similarly situated."  Id.  At the certification stage, this requirement is "not particularly stringent": opt-in plaintiffs "need show only that their positions are similar, not identical, to the positions held by the putative class members."  Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1214, 1217 (11th Cir. 2001) (per curiam) (quotation omitted).

The certification requirements for a Rule 23 class action are more demanding.  "[T]he putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)."  Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1265 (11th Cir. 2009) (quotation omitted).  Rule 23(a) requires every putative class to satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation.  See Fed. R. Civ. P. 23(a).  Here, the employees sought certification under Rule 23(b)(3), "which additionally requires findings: (1) that common questions of law or fact predominate over questions affecting only individual class members ('predominance'); and (2) that a class action is superior to other available methods for adjudicating the controversy ('superiority')."  Vega, 564 F.3d at 1265; see also Fed. R. Civ. P. 23(b)(3).

In a Rule 23(b)(3) class action, all qualifying class members become members unless they opt out of the action.  See Rule 23(c)(2)(B)(v) (explaining

5

that "the court will exclude from the class any member who requests exclusion").

Class members "are bound by the judgment, whether favorable or unfavorable,

unless they affirmatively 'opt out' of the suit." Cameron-Grant v. Maxim

Healthcare Servs., Inc., 347 F.3d 1240, 1248 (11th Cir. 2003) (per curiam).  This

"opt-out" requirement is what makes a Rule 23(b)(3) class action a "fundamentally

different creature" than a § 216(b) collective action, which depends for its

"existence . . . on the active participation of [class members]." Id. at 1249.

III.

A.

An FLSA collective action and a Rule 23(b)(3) class action may be

fundamentally different creatures, but they are not "irreconcilable," as the District

Court found.  Our sister Circuits have ruled, and we agree, that the FLSA's plain

text does not indicate that a collective action and a state-law class action cannot be

maintained at the same time.  See, e.g., Shahriar, 659 F.3d at 247 ("[W]e do not

read the plain language of § 216(b) as . . . affecting a federal court's ability to

obtain supplemental jurisdiction over state employment actions."); Ervin, 632 F.3d

at 977 ("Nothing [in the text of § 216(b)] suggests that the FLSA is not amenable

to state-law claims for related relief in the same federal proceeding.").  In relevant

part, § 216(b) provides that:

> Any employer who violates the provisions of section 206 or section
> 207 of this title shall be liable to the employee or employees affected

6

in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . .  An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

29 U.S.C. § 216(b).  This section explicitly authorizes employees to bring minimum wage, overtime, and anti-retaliation claims for themselves and people like them.  At the same time, § 216(b) makes clear that a collective action cannot coexist with an action brought by the Secretary of Labor.  See id. ("The right . . . to bring [a collective action] . . . shall terminate upon the filing of a complaint by the Secretary . . . in which a recovery is sought of unpaid minimum wages or unpaid overtime compensation under sections 206 and 207.").  This provision in § 216(b) shows that Congress knew how to categorically separate an FLSA collective action from other types of actions.  Even with that knowledge, Congress included nothing in the statute which would cause an FLSA collective action to preempt a Rule 23(b)(3) class action based on state law, or vice versa.

To the contrary, the FLSA has an express savings clause, which says: "No provision of this chapter . . . shall excuse noncompliance with any Federal or State law or municipal ordinance establishing [a higher minimum wage or a shorter maximum work week]."  Id. § 218(a).  The savings clause therefore establishes that the FLSA does not displace more protective state minimum wage and

7

overtime laws.[4]  If Congress had wanted to prevent state-law Rule 23(b)(3) class actions from going forward together with FLSA collective actions, it would not have included a savings clause explicitly saying that the FLSA does not preempt state labor laws.

Even if we were to find the text of the FLSA ambiguous (which we don't), its legislative history reflects no congressional intent to disfavor state-law Rule 23(b)(3) class actions.  As the Third Circuit explained in Knepper, the opt-in requirement was added to § 216(b) by the Portal-to-Portal Act of 1947, Ch. 52, § 5(a), 61 Stat. 84, 87, in response to a huge number of FLSA suits being brought by unions.  See 675 F.3d at 254–55 (describing the "thousands of [] FLSA suits seeking back pay for 'portal-to-portal' violations . . . [n]early all [] filed . . . by unions").  By forcing putative plaintiffs to affirmatively consent to participate, the opt-in requirement was meant to stave off "excessive litigation spawned by plaintiffs lacking a personal interest in the outcome."  Hoffmann-La Roche, 493 U.S. at 173, 110 S. Ct. at 488; see also 93 Cong. Rec. 538, 2182 (1947) (remarks of Sen. Donnell) (noting that the opt-in provision prevents collective actions "not

---

[4] The FMWA is precisely the type of state law the savings clause protects.  While the FLSA has a two-year statute of limitations (three years for willful violations), the FMWA has a four-year statute of limitations (five years for willful violations).  See Fla. Stat. § 95.11(2)(d), (3)(q); 29 U.S.C. § 255(a).  Florida law also incorporates a significantly higher minimum wage than would be available under the federal statute.  Compare Florida's Minimum Wage, Florida Department of Economic Opportunity (October 15, 2015), goo.gl/iLRkJT (setting Florida's minimum wage at $8.05 per hour), with 29 U.S.C. § 206(a)(1)(C) (setting the federal minimum wage at $7.25 per hour).

8

brought in good faith, [] not brought by a party in interest, and [] not brought with the actual consent or agency of the individuals for whom an ostensible plaintiff filed the suit").

Wholly absent from the discussion of the Portal-to-Portal Act was any mention of opt-out class actions. This makes sense because the FLSA had never been interpreted to allow such suits. And the Rule 23(b)(3) class action requiring class members to affirmatively opt out was not even created until 1966. See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 614–15, 117 S. Ct. 2231, 2245 (1997) ("In the 1966 class-action amendments, Rule 23(b)(3) . . . was the most adventuresome innovation[,] . . . [allowing] class actions . . . designed to secure judgments binding all class members save those who affirmatively elected to be excluded." (quotation omitted)). When it created the opt-out class action, the Advisory Committee on Civil Rules made clear that the "present provisions of 29 U.S.C. § 216(b) are not intended to be affected by Rule 23." Fed. R. Civ. P. 23, advisory committee's note, reprinted in 39 F.R.D. 69, 104 (1966). This history teaches us that Congress created the FLSA's opt-in requirement primarily as a check against the power of unions and not to decrease the availability of opt-out class actions; again, opt-out class actions were not even available when the opt-in requirement was added to the FLSA. Also, when the Advisory Committee fashioned Rule 23(b)(3)'s opt-out requirement in 1966, it did so with special care

not to upset the FLSA's existing opt-in scheme.  We conclude there is no "irreconciliable" tension between these two types of actions.

## B.

In arriving at its decision, the District Court looked to neither the text nor the legislative history of § 216(b).  Instead, the District Court said LaChapelle establishes that overlapping FLSA and FMWA class actions are "mutually exclusive and irreconcilable."  On this basis, the District Court held that "an FMWA class action is not superior to other available methods for adjudicating [the employees'] claims" and therefore ruled that Rule 23(b)(3) was not satisfied.

We have come to the contrary conclusion.  In LaChapelle, the former Fifth Circuit considered whether a plaintiff could bring a class action under Rule 23 for a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.  513 F.2d at 287.  That Court held that a plaintiff could not because Congress had directed that the ADEA be enforced in accordance with § 216(b) of the FLSA.  Id. at 289; see also 29 U.S.C. § 626(b) (requiring the ADEA to be enforced "in accordance with [§ 216(b)]").  Since § 216(b) of the FLSA authorizes only opt-in collective actions, the former Fifth Circuit held that "only 'opt-in' type class actions may be utilized in age discrimination cases [and that] Rule 23 cannot be invoked." LaChapelle, 513 F.2d at 289.  It was the plaintiff's attempt to bring a Rule 23 class action based on the ADEA that LaChapelle found "irreconcilable"

10

with that statute's requirements.  LaChapelle ruled on a different statute than we have here.  It did not address whether a party can pursue an FLSA collective action along with a parallel Rule 23(b)(3) state-law class action.

Perhaps for that reason, Sheriff Scott does not defend the District Court's reliance on LaChapelle.  Instead, he argues that the District Court denied Rule 23(b)(3) class certification based on the specific facts of this case.  According to Sheriff Scott, the District Court "specifically relied on the fact that the [employees'] FLSA and FMWA claims were 'overlapping' and that the 'putative FLSA and FMWA classes are identical'" in denying class certification.  Although we don't blame him for trying, Sheriff Scott's attempt to recast the District Court's reasoning as a fact-based inquiry does not carry the day.  The District Court clearly "conclude[d] that an FMWA class action is not superior to other available methods for adjudicating [the employees'] claims because overlapping FLSA and FMWA class actions are 'mutually exclusive and irreconcilable.'"  The District Court also explicitly said that it was "follow[ing] La Chapelle."  The District Court's incorrect legal ruling that an FLSA collective action and a Rule 23(b)(3) class action cannot coexist was plainly based on a misapplication of LaChapelle.  For the reasons we have explained, LaChapelle does not control here, and we conclude that the District Court abused its discretion.  See Little, 691 F.3d at 1305 ("A district court

11

abuses its discretion if it . . . applies the law in an unreasonable or incorrect manner.")

## C.

Sheriff Scott also makes two practical arguments.  First, he appeals to the "confusion that would necessarily result [from] sending a second notice to the class members more than six months after the initial notice was provided, and after the expiration of the collective action deadline."  To the contrary, we conclude that the separate notices alleviate concerns about confusion.  When the first notice went out, it informed putative plaintiffs only of the FLSA collective action claims.  The opt-in period for the FLSA action is now closed.  If a second notice goes out after the District Court reconsiders the employees' motion for Rule 23(b)(3) certification on remand, it will include only the FMWA claims.  That means these putative plaintiffs will never be confronted with a notice that lists both an "opt-in" and an "opt-out" claim.

We also reject the idea that concerns about confusion render these two types of actions "irreconcilable" even where plaintiffs might be confronted with a combined notice listing both "opt-in" and "opt-out" claims.  The Seventh Circuit thoughtfully explained in Ervin that "confusion created by a notice is a valid case-management consideration . . . [but] there is no indication that the problem is any worse than countless others that district courts face with class actions."  632 F.3d

12

at 978.  We agree that "[i]t does not seem like too much to require potential participants to make two binary choices: (1) decide whether to opt in and participate in the federal action; (2) decide whether to opt out and not participate in the state-law claims." Id. (emphasis omitted).

Second, Sheriff Scott argues that the FLSA collective action has progressed before the District Court, and so it would be imprudent to reverse at this stage. However, as Sheriff Scott himself acknowledges, the District Court can adjust the trial schedule to accommodate the FMWA class action, minimizing confusion and promoting efficient use of court resources.  Sheriff Scott's practical concern, while understandable, is not a compelling reason to adhere to the District Court's erroneous legal decision.

## IV.

A § 216(b) collective action and a state-law Rule 23(b)(3) class action may be maintained in the same proceeding.  We reverse the District Court only with respect to its contrary conclusion on this point.  On remand, the District Court must consider whether the employees' putative class action meets the Rule 23(a) and (b)(3) requirements, as well as whether to exercise supplemental jurisdiction over the class action under 28 U.S.C. § 1367(a).

**REVERSED AND REMANDED.**

13