**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 5, 2019[*]
Decided May 30, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3651

| | |
|---|---|
| JAMES MUNSON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:11-CV00159-NJR-DGW |
| KIM BUTLER, et al., *Defendants-Appellees.* | Nancy J. Rosenstengel, *Chief Judge*. |

## O R D E R

James Munson, an Illinois inmate who is a practicing Buddhist, sued prison officials, asserting that a soy-based diet was harmful to his health, in violation of the Eighth Amendment, and also restricted his religious practice, in violation of the Religious Land Use and Institutionalized Persons Act of 2000. 42 U.S.C. § 2000cc–1(a)(1) & (2). The district court granted summary judgment for defendants, concluding that Munson had not presented sufficient evidence from which a reasonable factfinder could infer any such violation. On appeal Munson argues that the district court abused its

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

discretion by staying discovery pending the outcome of a similar case then pending in the Central District of Illinois and then denying his motion under Federal Rule of Civil Procedure 56(d) to conduct discovery after the Central District case was decided and the discovery stay was lifted. We agree with Munson, so we vacate the judgment and remand the case for further proceedings.

Munson's religious views require a vegetarian diet. While housed at Menard Correctional Center, he received a "religious lacto-ovo diet" that substituted soy protein for meat. On this diet, he experienced gastrointestinal issues that included stomach cramps, diarrhea, and gas. Because Munson believed that his over-consumption of soy in the lacto-ovo diet caused his ailments, he removed himself from the diet in mid-2009. He bought commissary foods and traded food with other inmates in an attempt to stay vegetarian. His diarrhea and stomach cramps ceased once he stopped eating soy.

From 2007 to 2012, medical doctors at Menard (the "Wexford physicians") treated Munson for severe and persistent abdominal pain, diarrhea, hypertension, and other chronic conditions, providing him with medication and bloodwork. The Wexford physicians also referred him to an outside gastrointestinal specialist and an outside surgeon to remove his gall bladder. The Wexford physicians routinely evaluated Munson's abdomen and saw no symptoms consistent with a soy allergy reaction.

Munson sued prison officials and the Wexford physicians for deliberate indifference under the Eighth Amendment. He asserted that the State correctional officers failed to provide a nutritionally adequate diet and instead served him a high-soy diet that caused him severe and persistent abdominal pain and irritable bowel syndrome. He also asserted that the Wexford physicians failed to treat his abdominal pain. Munson brought an additional claim, contending that the prison officials' refusal to provide him a soy-free diet violated RLUIPA by forcing him to violate his religious beliefs and consume meat as part of the general prison diet.

The State defendants moved for summary judgment based on failure to exhaust administrative remedies and qualified immunity. The district court agreed that the prison officials were entitled to qualified immunity on Munson's Eighth Amendment claim for damages but allowed Munson to proceed on his claims for injunctive relief.

Both sets of defendants then jointly moved to stay discovery pending resolution of a similar case being adjudicated in the Central District of Illinois, *Harris v. Brown*, No. 3:07-cv-03225, 2014 WL 4948229 (C.D. Ill. Sept. 30, 2014), in which the plaintiffs had retained the same experts as those requested by Munson to resolve whether excessive amounts of soy in prison diets create a serious risk of harm for at least some prisoners, including Munson himself. The district court granted the defendants' motion to stay. In

*Harris*, the district court eventually concluded that soy did not present a serious risk of harm that today's society would choose not to tolerate, *Harris*, 2014 WL 4948229, at *12, so it could not be cruel and unusual punishment to serve soy to prisoners, id., and granted the defendants' motions for summary judgment. The district court in Munson's case, in turn, lifted the stay.

The defendants filed separate motions for summary judgment on Munson's claims for injunctive relief. The prison officials argued that (1) because there was no ongoing violation of federal law, these claims were barred by the Eleventh Amendment, and (2) because serving an inmate a diet containing soy did not violate the Constitution, Munson's Eighth Amendment claim could not succeed. The Wexford physicians also moved for summary judgment, arguing that they were not deliberately indifferent to Munson's health because they reasonably treated his complaints of abdominal pain, there was no evidence that Munson had a soy allergy, and the court in the *Harris* case had found that soy did not pose a serious risk of harm. Munson filed separate responses opposing both motions for summary judgment.

At the same time, Munson, through recruited counsel, moved to defer consideration of these motions for summary judgment under Federal Rule of Civil Procedure 56(d) so that he could depose defendants about his abdominal pain, diarrhea, continuing symptoms, and the availability of a soy-free diet at Menard. He also renewed his motion for experts (again, all of whom had testified in the *Harris* case) to testify about the link between soy and abdominal pain.

The court granted the defendants' motions for summary judgment. At the outset, the court denied Munson's Rule 56(d) motion because he failed to explain how the additional discovery he sought would create a fact question and, further, he already had been given "ample time" to seek more discovery, having been granted three extensions of time to respond to the defendants' motions. For the same reason, the court also denied Munson's renewed motion for experts.

The court then addressed the merits of the defendants' motions for summary judgment. First, regarding Munson's deliberate indifference claim against the prison officials for failing to provide him a nutritiously adequate vegetarian diet, the court found that Munson failed to satisfy the objective component of his Eighth Amendment claim because he did not show that a high-soy diet presented a serious risk of harm as seen by today's society. (For that matter, the court also concluded that Munson presented no evidence that his abdominal complaints were caused by his ingestion of a high amount of soy.) As for Munson's request for injunctive relief, the court considered his allegations that he continues to suffer an Eighth Amendment violation because the

prison officials remain deliberately indifferent to his ongoing abdominal pain and diarrhea. But because Munson removed himself in 2009 from the lacto-ovo vegetarian diet that he alleged caused his pain, the court determined that his requests for injunctive relief were moot. As for his deliberate indifference claim against the Wexford physicians (for failing to prescribe him a soy-free diet and failing to treat his complaints of persistent, severe abdominal pain), the court chronicled the course of treatment provided by each doctor and found that the prescribed treatment was reasonable, and certainly not close to an actionable level of being blatantly inappropriate. With regard to Munson's RLUIPA claim against the prison officials for failing to provide him a soy-free vegetarian diet, the court construed the claim as a free exercise claim under the First Amendment and concluded that any link between the diet's high soy content and his religious practice was "too tenuous … to find any basis for a First Amendment violation."

On appeal Munson devotes his brief to challenging only certain procedural rulings made by the court. He first argues that the district court abused its discretion by staying discovery pending the outcome of the *Harris* case. The plaintiffs in *Harris* had recruited experts (a group that included all the experts Munson sought to depose) to testify about the safety of soy in prison food.

It is true that a district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In this case, however, we conclude that the combination of the stay of discovery pending a decision in *Harris* and the later denial of Munson's Rule 56(d) motion added up to an abuse of discretion. In effect, the district court treated Munson as if he were bound by the results of the *Harris* litigation of the soy-diet issue.

We acknowledge that the court did not refer specifically to collateral estoppel or issue preclusion, but that is the practical effect of the combined rulings. Munson could not properly be estopped from litigating for himself the soy-diet issue, even if he faces an uphill climb in showing that the *Harris* decision was incorrect. Discretionary decisions based on an erroneous view of the law can result in an abuse of discretion. E.g., *Watkins v. Trans Union, LLC*, 869 F.3d 514, 518 (7th Cir. 2017); see generally, e.g., *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) ("district court would necessarily abuse its discretion [in deciding Rule 11 sanctions motion] if it based its ruling on an erroneous view of the law"); *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 976 (7th Cir. 2011) (application of incorrect legal rule to decide class certification would amount to abuse of discretion).

Collateral estoppel prevents relitigating an issue when "(1) the party against whom the estoppel is asserted was a party to the prior adjudication, (2) the issues forming the basis of the estoppel were actually litigated and decided on the merits in the prior suit, (3) the resolution of the particular issues was necessary to the court's judgment, and (4) those issues are identical to issues raised in the subsequent suit." *Cook County v. MidCon Corp.*, 773 F.2d 892, 898 (7th Cir. 1985); see *Carter v. Comm'r of Internal Revenue*, 746 F.3d 318, 321 (7th Cir. 2014). Here the application of collateral estoppel was inappropriate because the party against whom estoppel was being asserted in effect, Munson, was not party to the prior adjudication. The party against whom the issue had been resolved must have had a "full and fair opportunity" to litigate that issue in the prior suit, as well as a "meaningful opportunity" to appeal the resolution of that issue. *Carter*, 746 F.3d at 321. Munson was not a party or in privity with the parties in *Harris*.

Nor was the combination of the discovery stay and denial of the later Rule 56(d) motion a valid application of non-mutual collateral estoppel, which does not require the mutuality of parties. See *Coleman v. Labor and Industry Review Comm'n of Wisconsin*, 860 F.3d 461, 469 (7th Cir. 2017). The defensive use of non-mutual collateral estoppel allows a defendant who was not party to the prior suit to block a plaintiff from relitigating an issue that the plaintiff had previously litigated and lost. *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 328–29 (1971). The district court, in effect, allowed the defendants to use defensive non-mutual collateral estoppel against Munson when it granted a discovery stay pending resolution of *Harris* in the Central District of Illinois. This was a legal error. A litigant like Munson, who had not previously litigated this issue in the prior action, is not subject to defensive non-mutual collateral estoppel. *See Blonder-Tongue Labs., Inc.*, 402 U.S. at 329.

For these reasons, we VACATE the judgment and REMAND the case so that Munson may conduct his own discovery and respond more fully on the merits to the motions for summary judgment.